1   Paul Kampmeier                          Honorable Rosanna Malouf Peterson
2   Kampmeier & Knutsen, PLLC
3   811 First Avenue, Suite 468
    Seattle, Washington 98104
4   Phone: (206) 858-6983

5   Brian A. Knutsen
6   Kampmeier & Knutsen, PLLC
    1300 SE Stark Street, Suite 202
7   Portland, Oregon 97214
8   Phone: (503) 841-6515

9
    *Attorneys for Plaintiff Okanogan Highlands Alliance*
10

11

12                  UNITED STATES DISTRICT COURT
13                  EASTERN DISTRICT OF WASHINGTON
14

15  OKANOGAN HIGHLANDS               )
16  ALLIANCE and STATE OF            )      Case No. 2:20-cv-00147-RMP
    WASHINGTON,                      )
17                                   )      PLAINTIFF OKANOGAN
18            Plaintiffs,            )      HIGHLANDS ALLIANCE'S
                                     )      FIRST MOTION FOR PARTIAL
19      v.                           )      SUMMARY JUDGMENT
20                                   )
21  CROWN RESOURCES                  )      5/5/2021
22  CORPORATION and KINROSS          )      With Oral Argument: 10:00 a.m.
    GOLD U.S.A., INC,                )      Via Video Conference
23                                   )
24            Defendants.            )
    _____    )
25

26

27

28

29

PLAINTIFF OHA'S FIRST MOTION FOR              Kampmeier & Knutsen PLLC
PARTIAL SUMMARY JUDGMENT – 1                   811 First Avenue, Suite 468
                                               Seattle, Washington 98104
                                                   (206) 858-6983

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES…………………………………………………………3

GLOSSARY OF ACRONYMS…………………………………………………6

I.     MOTION……………………………………………………………7

II.    INTRODUCTION………………………………………………...7

III.   REGULATORY FRAMEWORK………………………………...8

IV.    STATEMENT OF FACTS……………………………………11

V.     STANDARD OF REVIEW……………………………………14

VI.    ARGUMENT……………………………………………………15

    A.     This Court has Jurisdiction over OHA's Claim……………………..15

    B.     Crown Cannot Relitigate the Validity of the
        Permit Here………………………………………………17

    C.     Crown's Defenses 3 and 4 Would Undermine
        PCHB Procedures………………………………………...21

VII.   CONCLUSION…………………………………………………23

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29

PLAINTIFF OHA'S FIRST MOTION FOR
PARTIAL SUMMARY JUDGMENT – 2

Kampmeier & Knutsen PLLC
811 First Avenue, Suite 468
Seattle, Washington 98104
(206) 858-6983

# TABLE OF AUTHORITIES

## Cases

*Arbaugh v. Y & H Corp.*,
    546 U.S. 500 (2006)……………………………………………………..18

*Arkansas v. Oklahoma*,
    503 U.S. 91 (1992)………………………………………………………..9

*Ass'n to Protect Hammersley, Eld, and Totten Inlets v. Taylor Res., Inc.*,
    299 F.3d 1007 (9th Cir. 2002)…………………………………...8, 9, 10

*Conn. Fund for the Env't v. Job Plating Co.*,
    623 F. Supp. 207 (D. Conn. 1985)…………………………………….20

*Conn. Fund for the Env't v. Raymark Indus., Inc.*,
    631 F. Supp. 1283 (D. Conn. 1986)……………………………….17, 22

*Crown Res. Corp. v. Dep't of Ecology*, No. 35199-8-III,
    2019 Wash. App. LEXIS 2566 (Wash. Ct. App. Oct. 8, 2019)……12, 13, 22

*Dioxin/Organochlorine Ctr. v. Dep't of Ecology*,
    837 P.2d 1007 (Wash. 1992)…………………………………………9, 21

*Envtl. Prot. Agency v. Nat'l Crushed Stone Ass'n*,
    449 U.S. 64 (1980)………………………………………………………..9

*Gen. Motors Corp. v. Envtl. Prot. Agency*,
    168 F.3d 1377 (D.C. Cir. 1999)……………………………………….20

*Headwaters, Inc. v. Talent Irrigation Dist.*,
    243 F.3d 526 (9th Cir. 2001)………………………………………….18

*Lahoti v. VeriCheck, Inc.*,
    586 F.3d 1190 (9th Cir. 2009)……………………………………14, 22

*Nat. Res. Def. Council v. Cty. of Los Angeles*,
    725 F.3d 1194 (9th Cir. 2013)…………………………………...11

PLAINTIFF OHA'S FIRST MOTION FOR
PARTIAL SUMMARY JUDGMENT – 3

Kampmeier & Knutsen PLLC
811 First Avenue, Suite 468
Seattle, Washington 98104
(206) 858-6983

*Nw. Envtl. Advocates v. City of Portland*,
    56 F.3d 979 (9th Cir. 1995)……………………………………10, 11, 16, 17

*Pub. Interest Research Grp. v. Powell Duffryn Terminals*,
    913 F.2d 64 (3rd Cir. 1990)…………………………………………...20

*Port of Seattle v. Pollution Control Hearings Bd.*,
    90 P.3d 659 (Wash. 2004)………………………………………...9, 10, 21

*Sierra Club v. City & Cty. of Honolulu*, No. 04-00463 DAE-BMK,
    2008 U.S. Dist. LEXIS 64262 (D. Haw. Aug. 18, 2008)………………19, 20

*Sierra Club v. Union Oil Co.*,
    813 F.2d 1480 (9th Cir. 1987),
    *vacated and remanded on other grounds*, 485 U.S. 931 (1988),
    *reinstated as amended*, 853 F.2d 667 (1988)…………………………*passim*

*Student Pub. Interest Research Grp. v. Anchor Thread Co.*, No. 84-320 (JWB),
    1984 U.S. Dist. LEXIS 23153 (D.N.J. Oct. 1, 1984)………………………20

*Waste Action Project v. Astro Auto Wrecking, LLC*, No. C15-0796-JCC,
    2016 U.S. Dist. LEXIS 169594 (W.D. Wash. Dec. 6, 2016)………………19

**<u>Statutes</u>**

28 U.S.C. § 1331…………………………………………………………16

33 U.S.C. § 1251…………………………………………………………...8

33 U.S.C. § 1311………………………………………………………..8, 9, 17

33 U.S.C. § 1342………………………………………………………..8, 16

33 U.S.C. § 1362………………………………………………………..9, 17

33 U.S.C. § 1365……………………………………………………...10, 13, 16, 18

PLAINTIFF OHA'S FIRST MOTION FOR
PARTIAL SUMMARY JUDGMENT – 4

Kampmeier & Knutsen PLLC
811 First Avenue, Suite 468
Seattle, Washington 98104
(206) 858-6983

**<u>Other Authorities</u>**

Fed. R. Civ. P. 56……………………………………………………………14

Wash. Rev. Code §§ 34.05.510–34.05.598……………………………………10

Wash. Rev. Code § 43.21B.020…………………………………………10, 21

Wash. Rev. Code § 43.21B.100………………………………………………...10

Wash. Rev. Code § 43.21B.110……………………………………………...9, 21

Wash. Rev. Code § 43.21B.180………………………………………………...10

Wash. Rev. Code § 43.21B.230………………………………………………...10

Wash. Rev. Code § 90.48.260………………………………………………...9

Wash. Admin. Code § 173-220-180……………………………………………12

Wash. Admin. Code §§ 371-08-300–371-08-570………………………………...10

Wash. Admin. Code § 371-08-340………………………………………10, 21

PLAINTIFF OHA'S FIRST MOTION FOR
PARTIAL SUMMARY JUDGMENT – 5

Kampmeier & Knutsen PLLC
811 First Avenue, Suite 468
Seattle, Washington 98104
(206) 858-6983

## GLOSSARY OF ACRONYMS

CWA       Clean Water Act

NPDES      National Pollutant Discharge Elimination System

OHA       Plaintiff Okanogan Highlands Alliance

PCHB      Washington Pollution Control Hearings Board

PLAINTIFF OHA'S FIRST MOTION FOR
PARTIAL SUMMARY JUDGMENT – 6

## I.    MOTION.

Plaintiff Okanogan Highlands Alliance ("OHA") hereby moves for partial summary judgment and respectfully requests the Court enter an order holding that defenses three and four asserted in the answers of Defendants Crown Resources Corporation and Kinross Gold U.S.A., Inc. (collectively, "Crown") are not viable defenses to OHA's claim for relief.

## II.    INTRODUCTION.

OHA brings this citizen suit for Crown's repeated and extensive violations of the Clean Water Act ("CWA") National Pollutant Discharge Elimination System ("NPDES") permit for the Buckhorn Mountain Mine. Crown challenged provisions of that permit for five and a half years, through the Washington Pollution Control Hearings Board ("PCHB"), Ferry County Superior Court, and Division 3 of the Washington Court of Appeals. Those proceedings culminated in a ruling from the Washington Court of Appeals in October 2019 affirming the lower rulings and the permit. Crown's defenses three and four now seek to re-litigate the validity of the permit by alleging that discharges from the mine are not even subject to the CWA's NPDES permit requirements and, presumably, that the permit is therefore invalid.

Consistent with long-established precedent, Crown cannot collaterally attack its NPDES permit in this action seeking to enforce the permit. *See, e.g.*, *Sierra*

PLAINTIFF OHA'S FIRST MOTION FOR
PARTIAL SUMMARY JUDGMENT – 7

Kampmeier & Knutsen PLLC
811 First Avenue, Suite 468
Seattle, Washington 98104
(206) 858-6983

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29

*Club v. Union Oil Co.*, 813 F.2d 1480, 1486–88 (9th Cir. 1987), *vacated and remanded on other grounds*, 485 U.S. 931 (1988), *reinstated as amended*, 853 F.2d 667 (1988). Rather, such challenges to the permit must be brought in accordance with procedures established for appealing NPDES permits. The Court should reject Crown's attempt to challenge the validity of its permit again here, which would undermine Washington's permit appeal procedures, give Crown a proverbial second bite at the apple, and require this Court to rewrite the permit, something it is not permitted to do. Accordingly, OHA respectfully requests a summary judgment order determining that defenses 3 and 4 are not valid defenses in this NPDES permit enforcement action.

## III.    REGULATORY FRAMEWORK.

The CWA seeks "to restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a). "A cornerstone of the [CWA] is that the 'discharge of any pollutant' from a 'point source' into navigable waters of the United States is unlawful unless the discharge is made according to the terms of an NPDES permit . . . ." *Ass'n to Protect Hammersley, Eld, and Totten Inlets v. Taylor Res., Inc.*, 299 F.3d 1007, 1009 (9th Cir. 2002); *see* 33 U.S.C. §§ 1311(a), 1342.

Specifically, section 301(a) of the CWA provides: "Except as in compliance with this section and section[] . . . [402 governing NPDES permits], the discharge

PLAINTIFF OHA'S FIRST MOTION FOR
PARTIAL SUMMARY JUDGMENT – 8

Kampmeier & Knutsen PLLC
811 First Avenue, Suite 468
Seattle, Washington 98104
(206) 858-6983

of any pollutant by any person shall be unlawful." 33 U.S.C. § 1311(a). The phrase

"discharge of a pollutant" is defined to include "any addition of any pollutant to

navigable waters from any point source." *Id.* § 1362(12).

NPDES permits issued under section 402 of the CWA are the "primary

means" for achieving the CWA's goals and are thus a critical part of the CWA

regulatory scheme. *Arkansas v. Oklahoma*, 503 U.S. 91, 101–02 (1992). The

permits transform generally applicable standards into facility-specific effluent

limits. *Envtl. Prot. Agency v. Nat'l Crushed Stone Ass'n*, 449 U.S. 64, 71 (1980).

The Washington Department of Ecology ("Ecology") is authorized to issue

NPDES permits under section 402 of the CWA in Washington State. Wash. Rev.

Code § 90.48.260; *Ass'n to Protect Hammersley*, 299 F.3d at 1009–10.

Washington's PCHB has exclusive jurisdiction over challenges to NPDES

permits issued by Ecology. *See* Wash. Rev. Code § 43.21B.110(1)(d);

*Dioxin/Organochlorine Ctr. v. Dep't of Ecology*, 837 P.2d 1007, 1013 (Wash.

1992) ("Appeal to the PCHB is the exclusive means for challenging issuance of

[NPDES] permit."); *see also Port of Seattle v. Pollution Control Hearings Bd.*, 90

P.3d 659, 671 (Wash. 2004) ("The [Washington] legislature . . . charged the PCHB

with providing uniform and independent review of Ecology actions."). The PCHB

is "a quasijudicial body whose members must be 'qualified by experience or

training in pertinent matters pertaining to the environment.'" *Port of Seattle*, 90

PLAINTIFF OHA'S FIRST MOTION FOR
PARTIAL SUMMARY JUDGMENT – 9

P.3d at 671 (quoting Wash. Rev. Code § 43.21B.020). Washington laws and regulations set a 30-day deadline for appealing Ecology's permits, as well as procedures for the PCHB's de novo review in such matters. Wash. Rev. Code §§ 43.21B.100, 43.21B.230(2); *see generally* Wash. Admin. Code §§ 371-08-300–371-08-570. PCHB rules require that Ecology be a named party in any PCHB proceeding challenging an Ecology permit or other Ecology action. Wash. Admin. Code § 371-08-340(2). The PCHB conducts "adjudicative proceedings [that] are trial-like in nature." *Port of Seattle*, 90 P.3d at 674. Parties may seek judicial review of PCHB decisions through the Washington State courts in accordance with Washington's Administrative Procedure Act. *See* Wash. Rev. Code § 43.21B.180 (citing Wash. Rev. Code §§ 34.05.510–34.05.598).

Once issued, citizens can enforce NPDES permits in federal court. *See* 33 U.S.C. § 1365. "The [CWA] explicitly allows private citizens to bring enforcement actions against any person alleged to be in violation of federal pollution control requirements." *Ass'n to Protect Hammersley*, 299 F.3d at 1012; 33 U.S.C. § 1365(a)(1), (f). The CWA specifically authorizes citizen suits to enforce any "effluent standard or limitation," which is defined to include, inter alia: "a [NPDES] permit or condition of a [NPDES] permit issued section [402]" of the CWA. 33 U.S.C. § 1365(a)(1), (f)(1), (f)(7); *see also Nw. Envtl. Advocates v. City of Portland*, 56 F.3d 979, 986–90 (9th Cir. 1995) ("The plain language of CWA §

PLAINTIFF OHA'S FIRST MOTION FOR
PARTIAL SUMMARY JUDGMENT – 10

505 authorizes citizens to enforce *all* permit conditions." (emphasis in original)). In resolving a citizen suit enforcing an NPDES permit, the Court will construe the permit and determine whether the evidence presented establishes that the permit terms were violated. *See, e.g.*, *Nat. Res. Def. Council v. Cty. of Los Angeles*, 725 F.3d 1194, 1204–10 (9th Cir. 2013).

## IV.   STATEMENT OF FACTS.

The Buckhorn Mountain Mine (the "Mine") is a 46-acre underground gold mine located approximately 3.5 miles east of Chesaw in northeastern Okanogan County, Washington. Decl. of Brian A. Knutsen ("Knutsen Decl.") 17. The Mine is owned and operated by Crown Resources Corporation, which is a subsidiary of Kinross Gold U.S.A., Inc.  *Id.* Gold production began in 2008 and concluded in 2017 and the Mine is now undergoing reclamation. *See id.* at 19; ECF No. 39 at 8 ¶¶ 31–32.

"Waste water is generated from above and below ground mine operations and includes industrial area stormwater collection inside the Capture Zone, above and below ground sumps and groundwater pumped from dewatering wells." Knutsen Decl. 20. Ecology issued the first NPDES permit for the Mine in 2007, which expired on February 28, 2014. *Id.* at 6. Crown submitted a renewal application to Ecology prior to the expiration of its 2007 NPDES permit that was dated October 31, 2011. *Id.* at 59–64. That application was certified under penalty

PLAINTIFF OHA'S FIRST MOTION FOR
PARTIAL SUMMARY JUDGMENT – 11

Kampmeier & Knutsen PLLC
811 First Avenue, Suite 468
Seattle, Washington 98104
(206) 858-6983

of law and represented that the Mine discharges to waters of the United States. *Id.* at 59; *see also id.* at 67 (2018 renewal application includes the same representation and certification); *Union Oil Co.*, 813 F.2d at 1491–92 (parties cannot impeach reports certified under penalty of law).

Ecology issued a new NPDES permit for the Mine on February 27, 2014, with an effective date of March 1, 2014 and an expiration date of February 28, 2019, which was modified on April 29, 2014 and April 1, 2015 (collectively, the "Permit"). Knutsen Decl. 74; *Crown Res. Corp. v. Dep't of Ecology*, No. 35199-8-III, 2019 Wash. App. LEXIS 2566, at *8 (Wash. Ct. App. Oct. 8, 2019). The Permit has been administratively extended pending issuance of a new NPDES permit in accordance with Ecology's rules. *See* ECF No. 1 at 14 ¶ 37; ECF No. 39 at 9 ¶ 37; ECF No. 40 at 9 ¶ 37; *see also* Wash. Admin. Code § 173-220-180(5).

The Permit defines a "Capture Zone" that includes "all underground mine workings, the surge pond, and all surface stockpiles of ore and development rock." Knutsen Decl. 81. The Capture Zone reflects the extent from the Mine that Crown's operations are allowed to contaminate surface waters and groundwater. *Id.* The Permit imposes various conditions, including numeric effluent limitations and monitoring and reporting requirements, intended to ensure the Capture Zone is maintained and to otherwise protect water quality. *See generally id.* at 81–126. Condition G17 of the Permit explicitly provides that "Any permit noncompliance

PLAINTIFF OHA'S FIRST MOTION FOR
PARTIAL SUMMARY JUDGMENT – 12

Kampmeier & Knutsen PLLC
811 First Avenue, Suite 468
Seattle, Washington 98104
(206) 858-6983

constitutes a violation of the Clean Water Act and is grounds for enforcement action." *Id.* at 132–33.

Crown "immediately appealed" the Permit to the PCHB after its issuance in February 2014, and the PCHB held a seven-day evidentiary hearing that began on January 26, 2015. *Crown Res. Corp.*, 2019 Wash. App. LEXIS 2566, at *9; *see also* Knutsen Decl. 136–48. Ecology conceded certain errors in the Permit that were identified during the PCHB's hearing, which Ecology corrected in the second Permit modification on April 1, 2015. *Crown Res. Corp.*, 2019 Wash. App. LEXIS 2566, at *9–10. The PCHB issued a 46-page ruling in July 2015 affirming the Permit as modified. *Id.* at *10; ECF No. 39 at 9 ¶ 36; ECF No. 40 at 9 ¶ 36. Crown appealed, and the Washington State Superior Court for Ferry County affirmed the PCHB's rulings in March 2017. *Crown Res. Corp.*, 2019 Wash. App. LEXIS 2566, at *10; *see also* ECF No. 39 at 9 ¶ 36; ECF No. 40 at 9 ¶ 36. Crown then appealed to the Washington State Court of Appeals, Division 3, which affirmed the lower rulings and the Permit on October 8, 2019. *Crown Res. Corp.*, 2019 Wash. App. LEXIS 2566, at *45; *see also* ECF No. 39 at 9 ¶ 36; ECF No. 40 at 9 ¶ 36.

OHA issued a 60-day pre-suit notice letter required by the CWA citizen suit provisions on January 31, 2020 and filed its complaint on April 10, 2020. ECF No. 1 at 32; *see also* 33 U.S.C. § 1365(b)(1)(A). The complaint alleges a single cause of action: that Crown is in violation of numerous conditions of the Permit and that

Kampmeier & Knutsen PLLC
811 First Avenue, Suite 468
Seattle, Washington 98104
(206) 858-6983

such violations constitute violations of an "effluent standard or limitation," as defined by section 505(f) of the CWA, subject to enforcement under the CWA's citizen suit provisions. ECF No. 1 at 28 ¶ 69.

Crown's answers to OHA's complaint, filed on November 2, 2020, include the following "Additional Defenses":

> 3.     OHA's claims are barred because there has been no discharge of a pollutant from a point source to navigable waters as required to establish jurisdiction under the Clean Water Act.

> 4.     OHA's claims are barred because there has been no addition of a pollutant as required to establish jurisdiction under the Clean Water Act.

ECF No. 39 at 17 ¶¶ 3–4; ECF No. 40 at 17 ¶¶ 3–4.

## V.    STANDARD OF REVIEW.

Rule 56(a) provides that a party may move for summary judgment on all or part of a defense and that the Court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Motions for partial summary judgment facilitate litigation by eliminating matters prior to trial for which there is no genuine issue of fact. *See Lahoti v. VeriCheck, Inc.*, 586 F.3d 1190, 1202 n.9 (9th Cir. 2009).

Kampmeier & Knutsen PLLC
811 First Avenue, Suite 468
Seattle, Washington 98104
(206) 858-6983

## VI.    ARGUMENT.

The Court should grant summary judgment because Crown's defenses 3 and 4 are not applicable to the claims alleged herein. Consideration of those defenses would result in the Court reevaluating the legality of Crown's NPDES permit and thereby undermining the PCHB review process specifically established to resolve such issues. Partial summary judgment on these defenses is warranted to eliminate issues early that would otherwise require the parties to develop extensive technical analyses and opinions.

### A.    <u>This Court has Jurisdiction over OHA's Claim.</u>

OHA's complaint alleges that Crown is in violation of numerous conditions in the Permit. The Court has jurisdiction over that cause of action because the Permit is an NPDES permit issued under section 402 of the CWA. Such jurisdiction is not dependent upon a showing that Crown discharges pollutants from point sources to navigable waters.

OHA brings this action under the citizen suit provisions of the CWA. ECF No. 1 at 28 ¶ 69. Those provide that "any citizen may commence a civil action . . . against any person . . . who is alleged to be in violation of . . . an effluent standard or limitation" and "[t]he district courts **shall have jurisdiction**, without regard to the amount in controversy or the citizenship or the parties, **to enforce such effluent standard or limitation** . . . and to apply any appropriate civil penalties

PLAINTIFF OHA'S FIRST MOTION FOR
PARTIAL SUMMARY JUDGMENT – 15

under section [309 of the CWA]." 33 U.S.C. § 1365(a) (emphases added). The term "effluent standard or limitation" is defined to include "a permit or condition of a permit issued under [33 U.S.C. § 1342] that is in effect under [the CWA] . . . ." *Id.* § 1365(f)(7).

OHA's complaint alleges that Crown has violated various conditions of the Permit. ECF No. 1 at 16–25 ¶¶ 41–60. Ecology issued the Permit under section 402 of the CWA and the Permit explicitly provides that any noncompliance is a violation of the CWA. Knutsen Decl. 132–33; *see also* ECF No. 39 at 9 ¶ 36; ECF No. 40 at 9 ¶ 36. It is undisputed that the Permit remains in effect. ECF No. 1 at 14 ¶ 37; ECF No. 39 at 9 ¶ 37; ECF No. 40 at 9 ¶ 37. Accordingly, the Court has jurisdiction over OHA's cause of action because OHA alleges violations of conditions of an NPDES permit that remain in effect under the CWA, which is a federal law. *See Nw. Envtl. Advocates*, 56 F.3d at 986–90; *see also* 28 U.S.C. § 1331 (district courts have jurisdiction over claims that arise under the laws of the United States).

Nothing in this statutory scheme suggests that the Court's ability to enforce conditions of an effective NPDES permit is dependent upon a showing by Plaintiffs that Crown discharges pollutants from a point source to navigable waters, as Crown's defenses 3 and 4 suggest. The Ninth Circuit has explained that citizens may enforce all NPDES permit conditions, even those "that regulate discharges

PLAINTIFF OHA'S FIRST MOTION FOR
PARTIAL SUMMARY JUDGMENT – 16

outside the scope of the Clean Water Act, namely discharges that may never reach navigable waters." *Nw. Envtl. Advocates*, 56 F.3d at 988–89 (citing *Conn. Fund for the Env't v. Raymark Indus., Inc.*, 631 F. Supp. 1283, 1285 (D. Conn. 1986)). A contrary ruling "would require the courts to engage in 'reanalysis of technological or other considerations at the enforcement stage' in a manner that was not intended by Congress." *Conn. Fund for the Env't*, 631 F. Supp. at 1285.

### B.   Crown Cannot Relitigate the Validity of the Permit Here.

Crown's defenses 3 and 4 are relevant to whether Crown is required to have an NPDES permit. However, that issue is settled and, moreover, Crown has already exhausted the remedies available to challenge its Permit and cannot collaterally attack the Permit's validity here in a citizen enforcement action.

Defenses 3 and 4 allege that jurisdiction is lacking because Crown has not discharged a pollutant from a point source to navigable waters and because there has not been an addition of a pollutant. ECF No. 39 at 17 ¶¶ 3–4; ECF No. 40 at 17 ¶¶ 3–4. These allegations are relevant to whether section 301(a) of the CWA requires that Crown obtain an NPDES permit. That provision prohibits "the discharge of any pollutant by any person" absent, inter alia, an NPDES permit; and "discharge of a pollutant" is defined to include "any addition of any pollutant to navigable waters from any point source." 33 U.S.C. §§ 1311(a), 1362(12).

Kampmeier & Knutsen PLLC
811 First Avenue, Suite 468
Seattle, Washington 98104
(206) 858-6983

Citizens may bring suit for discharging without an NPDES permit, as the CWA defines the "effluent standard or limitation" enforceable under the citizen suit provisions to include CWA section 301(a)'s prohibition of unpermitted discharges. 33 U.S.C. § 1365(f)(1). In those actions, the citizen plaintiff alleging that a defendant is violating section 301(a) of the CWA by discharging **without** an NPDES permit must show that there is an addition of a pollutant from a point source to navigable waters. *See, e.g.*, *Headwaters, Inc. v. Talent Irrigation Dist.*, 243 F.3d 526, 532 (9th Cir. 2001) ("To establish a violation of the CWA's NPDES permit requirement, a plaintiff must show that defendants (1) discharged (2) a pollutant (3) to navigable waters (4) from a point source.").[1] Crown's defenses 3 and 4 would be appropriate defenses to such a claim; however, OHA does not allege this cause of action.

---

[1] Defenses 3 and 4 are improperly framed as relevant to jurisdiction. *See* ECF No. 39 at 17 ¶¶ 3–4; ECF No. 40 at 17 ¶¶ 3–4. These elements do not affect the Court's subject-matter jurisdiction because the CWA does not refer to them in jurisdictional terms; these are instead essential elements to a claim alleging that a defendant is discharging pollutants without an NPDES permit in violation of section 301(a) of the CWA. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 510–16 (2006).

PLAINTIFF OHA'S FIRST MOTION FOR
PARTIAL SUMMARY JUDGMENT – 18

Kampmeier & Knutsen PLLC
811 First Avenue, Suite 468
Seattle, Washington 98104
(206) 858-6983

Further, a defendant cannot collaterally attack an NPDES permit in an action that seeks to enforce the conditions of the NPDES permit. *See, e.g.*, *Union Oil Co.*, 813 F.2d at 1486–88. The defendant in *Union Oil Co.* argued that most of the NPDES permit violations at issue were caused by exceptional circumstances beyond its control—i.e., under "upset conditions"—and it should therefore not be held liable in a citizen enforcement action. *Id.* at 1482. The Ninth Circuit rejected this defense because the permit did not include upset provisions. *Id.* at 1486. The defendant "was essentially asking the district court to modify its permit" in an action brought to enforce the permit, which "the district court was not entitled to do." *Id.* "To obtain modification of its permit, [the defendant] should have acted through the proper administrative channels." *Id.*

Courts have uniformly prohibited collateral attacks on NPDES permits in enforcement actions, under a range of circumstances, consistent with the Ninth Circuit's reasoning in *Union Oil Co. See, e.g.*, *Waste Action Project v. Astro Auto Wrecking, LLC*, No. C15-0796-JCC, 2016 U.S. Dist. LEXIS 169594, at *10–11 (W.D. Wash. Dec. 6, 2016) (rejecting argument that discharges are nonpoint source and therefore outside CWA regulation; "Ecology's decision to issue . . . [the NPDES] permit is not subject to collateral attack in this [enforcement] proceeding"); *Sierra Club v. City & Cty. of Honolulu*, No. 04-00463 DAE-BMK, 2008 U.S. Dist. LEXIS 64262, at *39–43 (D. Haw. Aug. 18, 2008) (rejecting

PLAINTIFF OHA'S FIRST MOTION FOR
PARTIAL SUMMARY JUDGMENT – 19

Kampmeier & Knutsen PLLC
811 First Avenue, Suite 468
Seattle, Washington 98104
(206) 858-6983

argument that, in light of a recent Supreme Court ruling, certain discharges are not prohibited by the CWA and NPDES permit terms prohibiting such discharges are therefore unenforceable; such challenges must be brought through administrative routes for challenging permits); *Gen. Motors Corp. v. Envtl. Prot. Agency*, 168 F.3d 1377, 1381–83 (D.C. Cir. 1999) (defendant could not collaterally attack state-issued NPDES permit during an administrative enforcement of the permit); *Pub. Interest Research Grp. v. Powell Duffryn Terminals*, 913 F.2d 64, 77–78 n.27 (3rd Cir. 1990) (challenges to an NPDES permit's effluent limitations must be brought through an appeal of the permit, not in an enforcement action); *Conn. Fund for the Env't v. Job Plating Co.*, 623 F. Supp. 207, 216–18 (D. Conn. 1985) (defendant cannot challenge the validity of its NPDES permit in an enforcement action, such challenges must be brought in accordance with permit appeal procedures); *Student Pub. Interest Research Grp. v. Anchor Thread Co.*, No. 84-320 (JWB), 1984 U.S. Dist. LEXIS 23153, at *9–11 (D.N.J. Oct. 1, 1984) (having failed to raise the issue through an administrative appeal of its NPDES permit, defendant could not argue in an enforcement action that it does not discharge to a "navigable water"). In accordance with *Union Oil Co.* and these persuasive authorities, Crown is prohibited from arguing in this citizen suit that some or all of its Permit conditions are unenforceable.

PLAINTIFF OHA'S FIRST MOTION FOR
PARTIAL SUMMARY JUDGMENT – 20

### C.    Crown's Defenses 3 and 4 Would Undermine PCHB Procedures.

Crown's defenses 3 and 4 raise complicated technical issues pertaining to the legality of Ecology's Permit. Resolution of those issues has been assigned to the PCHB. Consideration of those defenses here would undermine the PCHB's jurisdiction and procedures.

As discussed above, defenses 3 and 4 assert that Crown does not discharge pollutants in a manner that requires an NPDES permit, thereby attacking the legality of Ecology's Permit. Washington has established specific and extensive procedures to resolve such disputes. Notably, the PCHB, a "quasijudicial body whose members must be 'qualified by experience or training in pertinent matters pertaining to the environment,'" is assigned exclusive jurisdiction to review Ecology's NPDES permits. *See Port of Seattle*, 90 P.3d at 671 (quoting Wash. Rev. Code § 43.21B.020); *Dioxin/Organochlorine Ctr.*, 837 P.2d at 1013; Wash. Rev. Code § 43.21B.110(1)(d). Further, Ecology is named as a party in such proceedings to defend is actions. Wash. Admin. Code § 371-08-340(2).

This administrative process is intended to "allow [the] administrative agency to perform functions within its special competence—to make a factual record, to apply its expertise, and to correct its own errors so as to moot judicial controversies." *Union Oil Co.*, 813 F.2d at 1486 (quotation omitted). Crown availed itself of those remedies by appealing its Permit, resulting in some voluntary

PLAINTIFF OHA'S FIRST MOTION FOR
PARTIAL SUMMARY JUDGMENT – 21

modifications by Ecology followed by affirmations of the Permit by the PCHB and then Washington State courts. *Crown Res. Corp.*, 2019 Wash. App. LEXIS 2566, at *9–10, 45. Allowing Crown to raise defenses here that collaterally attack some or all of the Permit, which has already been affirmed through administrative and judicial review under the Washington Administrative Procedure Act, would undermine Washington's detailed and comprehensive scheme for appealing Ecology's NPDES permits.

Additionally, Defenses 3 and 4 would require that the parties develop extensive technical analysis and opinions showing that Crown's discharges of pollutants would violate section 301(a) of the CWA if they were made without an NPDES permit. This "would frustrate the Congressional intent to provide for the expeditious handling of enforcement suits" by "require[ing] reanalysis of technological or other considerations . . . [that should] have been settled in the administrative procedure leading to the establishment" of the Permit. *Conn. Fund for the Env't*, 631 F. Supp. at 1284 (quoting CWA legislative history). The Court should grant partial summary judgment on these defenses at this stage in the litigation to eliminate irrelevant issues that would require substantial expert analyses. *See Lahoti*, 586 F.3d at 1202 n.9.

Kampmeier & Knutsen PLLC
811 First Avenue, Suite 468
Seattle, Washington 98104
(206) 858-6983

1

## VII.  CONCLUSION.

2

3

Wherefore, for the foregoing reasons, OHA respectfully requests the Court

4

enter an order holding that defenses three and four asserted in Crown's answers are

5

not viable defenses to OHA's claim for relief.

6

7

RESPECTFULLY SUBMITTED this 16th day of February, 2021.

8

KAMPMEIER & KNUTSEN, PLLC

9

10

By: _s/ Brian Knutsen_____
Brian A. Knutsen, WSBA No. 38806

11

1300 S.E. Stark Street, Suite 202
Portland, Oregon 97214

12

Telephone: (503) 841-6515

13

Email: brian@kampmeierknutsen.com

14

15

KAMPMEIER & KNUTSEN, PLLC

16

Paul Kampmeier, WSBA No. 31560

17

811 First Avenue., Suite 468
Seattle, Washington 98104

18

Phone: (206) 858-6983

19

Email: paul@kampmeierknutsen.com

20

*Attorneys for Plaintiff Okanogan Highlands Alliance*

21

22

23

24

25

26

27

28

29

PLAINTIFF OHA'S FIRST MOTION FOR
PARTIAL SUMMARY JUDGMENT – 23

Kampmeier & Knutsen PLLC
811 First Avenue, Suite 468
Seattle, Washington 98104
(206) 858-6983