FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 19, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| OKANOGAN HIGHLANDS ALLIANCE and STATE OF WASHINGTON,<br><br>        Plaintiffs,<br><br>   v.<br><br>CROWN RESOURCES CORPORATION and KINROSS GOLD, U.S.A., INC.,<br><br>        Defendants. | NO: 2:20-CV-147-RMP<br><br>ORDER GRANTING PLAINTIFF OKANOGAN HIGHLANDS ALLIANCE'S MOTION TO DISMISS DEFENDANT CROWN RESOURCES CORPORATION'S COUNTERCLAIM |

BEFORE THE COURT is Plaintiff Okanogan Highlands Alliance's Motion to Dismiss Defendant Crown Resources Corporation's Counterclaim, ECF No. 46. The Court has reviewed the motion, the record, and is fully informed.

## BACKGROUND

Okanogan Highlands Alliance ("OHA") filed this case pursuant to the citizen suit provisions of the federal Clean Water Act, 33 U.S.C. § 1365. *See* ECF No. 1. OHA alleges Crown Resources Corporation ("Crown") and codefendant, Kinross Gold, U.S.A, Inc. ("Kinross"), have violated terms of its National Pollutant

ORDER GRANTING PLAINTIFF OKANOGAN HIGHLANDS ALLIANCE'S MOTION TO DISMISS COUNTERCLAIM ~ 1

Discharge Elimination System ("NPDES") permit, issued by the Washington State Department of Ecology ("Ecology"), for the Buckhorn Mountain Mine in Washington State. *Id*. at 1-2, 14.  OHA further alleges that Defendants are in ongoing violation of an "effluent standard or limitation," specifically "a permit or condition of a permit issued under section 1342 of this title." 33 U.S.C. §§ 1365(a)(1), (f)(7); ECF No. 1 at 3.

In its answer to OHA's complaint, Crown asserted a counterclaim against OHA related to two settlement agreements, purportedly entered into by the parties on April 17, 2008, and April 23, 2008, and amended on December 7, 2009 ("OHA-Crown Settlement Agreements"). ECF Nos. 39 at 19, 47-2, 47-3, 47-4. Under the OHA-Crown Settlement Agreements, Crown contends that "[i]n exchange for OHA dismissing its then-pending permit appeals and forbearing from filing additional ones," Crown agreed to provide funding for restoration and improvement projects in the Okanogan Highlands, and for monitoring "the environmental impacts associated with the [Buckhorn Mining] project." ECF No. 39 at 19. Crown alleges that OHA has never provided Crown with information or an accounting related to the environmental and monitoring projects despite requests by Crown to OHA for the same. *Id*. at 20–21. Crown seeks an order directing OHA to provide an accounting of OHA's use of the funds tendered by Crown under the OHA-Crown Settlement Agreements. *Id*. at 22.

OHA now moves to dismiss Crown's counterclaim related to the OHA-Crown Settlement Agreements pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction. *See* ECF No. 46. Crown asserts that this Court may exercise supplemental jurisdiction over the counterclaim under 28 U.S.C. § 1367(a). *See* ECF No. 47.

## LEGAL STANDARD

Under Fed. R. Civ. P. 12(b)(1), a party may move to dismiss a claim, and make either a facial or factual challenge to the existence of subject matter jurisdiction. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir.2004). "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* OHA's motion to dismiss asserts a facial challenge. *See* ECF Nos. 46 at 4, 47 at 6.

Pursuant to 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

## DISCUSSION

Federal district courts have original jurisdiction over all civil actions "arising

under the Constitution, laws, or treaties of the United States," or where complete diversity of citizenship exists and the matter in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332. Crown asserts that this Court has supplemental jurisdiction over its counterclaim requesting a court-ordered accounting by OHA. ECF No. 47 at 2; *see* 28 U.S.C. § 1367(a). Crown has thereby conceded that the Court does not have original jurisdiction over its counterclaim. *See* ECF No. 47. Accordingly, the issues before the Court are (1) whether Crown's counterclaim is compulsory under Fed. R. Civ. P. 13(a); (2) whether the Court may exercise supplemental jurisdiction under 28 U.S.C. § 1367(a); and (3) even if the Court has supplemental jurisdiction, may the Court, in its discretion, decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c).

### I. Compulsory Counterclaim

OHA argues that Crown's counterclaim is not compulsory because it arises out of "wholly different transactions or occurrences." ECF No. 46 at 7. Crown contends that its counterclaim is compulsory because it arises out of the same "transactions or occurrences," the claims have significant factual overlap, and judicial economy favors trying the claims in one lawsuit. ECF No. 47 at 3, 11.

Compulsory counterclaims "arise out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a). "As such, courts have found that compulsory counterclaims are necessarily part of the same case or controversy for purposes of supplemental jurisdiction." *Castillo v. J.P.*

*Morgan Chase Bank, N.A.*, 19-CV-04905-HSG, 2020 WL 496072, at *2 n. 1 (N.D. Cal. Jan. 30, 2020).

In determining if a counterclaim is compulsory, courts in the Ninth Circuit use the "logical relationship test." *Pochiro v. Prudential Ins. Co. of Amer.*, 827 F.2d 1246, 1249 (9th Cir. 1987). This test analyzes "whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Id.* "A logical relationship exists when the counterclaim arises from the same aggregate set of operative facts as the initial claim, in that the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights otherwise dormant in the defendant." *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1196 (9th Cir. 2005) (citations omitted).

"Transaction" is a word of "flexible meaning," and may include "a series of occurrences if they have a logical connection." *Pochiro*, 827 F.2d at 1252 (citing *Moore v. New York Cotton Exchange*, 270 U.S. 593, 610 (1926)). However, "the 'logical relationship' concept is not to be applied so loosely that multiple occurrences in any continuous commercial relationship would constitute one transaction." *In re TLC Hosps., Inc. v. United States Dep't of Health and Human Servs.*, 224 F.3d 1008, 1012 (9th Cir. 2000).

The parties dispute the relevant "transaction[s] or occurrence[s]" for the purpose of determining whether Crown's counterclaim is compulsory. *See* ECF Nos.

ORDER GRANTING PLAINTIFF OKANOGAN HIGHLANDS ALLIANCE'S
MOTION TO DISMISS COUNTERCLAIM ~ 5

46 at 7, 47 at 3.  OHA maintains that whereas the "transaction or occurrence that is the subject matter" of OHA's claims is Crown's NPDES permit and alleged noncompliance with that permit, the "transaction or occurrence that is the subject matter" of Crown's counterclaim are two contracts and money received and spent by OHA.  ECF No. 46 at 7–8.  Crown argues that the subject matter, under which both parties' claims arise, is more broadly a "series of transactions and occurrences" related to the "development, operation, and closure of the Buckhorn Mountain Mine."  ECF No. 47 at 3.

The Court finds that, although OHA's claims under the Clean Water Act and Crown's counterclaim for accounting are factually linked to the Buckhorn Mountain Mine, a cause of action for Crown's alleged noncompliance with permit obligations arises out of a different "transaction or occurrence" than the cause of action for an accounting.  *See, e.g.*, *Ali v. USAA Fed. Savings Bank*, No. CV-16-00420-PHX-JAT, 2016 WL 5464602 at *4 (D. Ariz. Sept. 29, 2016) (holding that Defendant's breach of contract claim was not compulsory because it was not logically connected to Plaintiff's claim to recover damages for alleged violations of the Electronic Funds Transfer Act "despite originating out of the same consumer account.").  OHA's Clean Water Act suit arises from obligations imposed on Crown by statute, as opposed to obligations created by an alleged contractual relationship between the parties.  *See* 33 U.S.C. § 1365.  Furthermore, the operative facts underlying OHA's cause of action for alleged violations of a NPDES permit issued in 2014 under the Clean Water Act,

and the operative facts underlying Crown's counterclaim requesting an accounting of funds provided pursuant to a 2008 Settlement Agreement, overlap only to a minimal extent. *Contra Pochiro*, 827 F.2d 1246, 1250–51 (holding claims were compulsory where facts necessary to prove the two claims substantially overlapped, and resolution of one party's action would have a practical effect on the opposing party's claim).

Accordingly, Crown's counterclaim is not compulsory and supplemental jurisdiction does not exist on that basis.

II.     **Supplemental Jurisdiction over a Permissive Counterclaim**

Crown argues that even if its counterclaim for accounting is permissive, dismissal is inappropriate because the Court may exercise supplemental jurisdiction over the counterclaim pursuant to 28 U.S.C. § 1367(a).

A permissive counterclaim is "any claim that is not compulsory." Fed. R. Civ. P. 13(b). Having found that Crown's counterclaim is not compulsory, the Court must determine whether supplemental jurisdiction exists over Crown's permissive counterclaim.

The Court may exercise supplemental jurisdiction over a permissive counterclaim where it is so related to plaintiff's claims that it "form[s] part of the same case or controversy." 28 U.S.C. § 1367(a). "The standard for supplemental jurisdiction is broader than the standard for a counterclaim to be compulsory." *Campos v. Western Dental Servs., Inc.*, 404 F.Supp.2d 1164, 1169 n. 4 (N.D. Cal.

2005) ("A counterclaim must 'arise out of the transaction or occurrence that is the subject matter of the opposing party's claim' to be considered compulsory, while it only must be 'related to claims in the action' to fall under supplemental jurisdiction."). State law claims "form part of the same case or controversy" as a federal claim "when they derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." *Kuba v. 1-A Agr. Ass'n*, 387 F.3d 850, 855–56 (9th Cir. 2004).

Here, the Court's original jurisdiction is based upon OHA's Clean Water Act claim against Crown. *See* ECF No. 1. OHA's allegations that Crown violated NPDES permit obligations and Crown's counterclaim for accounting do not share a "common nucleus of operative facts." *See* ECF No. 47 at 19–22. The commonality between the two claims is limited to Crown's operation of the Buckhorn Mountain Main. The factual predicate to OHA's Clean Water Act action is Crown's NPDES permit and alleged violations of the same, and the factual predicate to Crown's counterclaim is the OHA-Crown Settlement Agreements and OHA's expenditure of the funds received. Accordingly, the Court finds that Crown's counterclaim does not "form part of the same case or controversy" for purposes of supplemental jurisdiction under 28 U.S.C. § 1367(a).

### III.  Discretion to Decline

Even if the Court could properly exercise supplemental jurisdiction over Crown's counterclaim, the Court would decline to do so pursuant to 28 U.S.C. § 1367(c).

ORDER GRANTING PLAINTIFF OKANOGAN HIGHLANDS ALLIANCE'S MOTION TO DISMISS COUNTERCLAIM ~ 8

  Even where supplemental jurisdiction exists, 28 U.S.C. § 1367(c) authorizes a court to decline to exercise supplemental jurisdiction in four circumstances: (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in other exceptional circumstances. The court's exercise of discretion is further informed by "judicial economy, convenience, fairness, and comity." *See United Mine Workers v. Gibbs*, 383 US. 715, 726 (1966).

  Here, the parties dispute whether Crown may obtain relief without first proving a breach of contract. ECF Nos. 46 at 8, 47 at 13. OHA maintains that to resolve Crown's counterclaim, the Court "would need to evaluate . . . whether OHA breached that contract by spending money in ways it should not have." ECF No. 46 at 8. However, Crown contends its "narrow, equitable claim for an accounting" requires only a showing of (1) an account that is so complicated that it cannot conveniently be taken in an action at law, and (2) that Crown has demanded an accounting from OHA, and OHA has so refused. ECF No. 47 at 13 (citing *Corbin v. Madison*, 529 P.2d 1145, 1151 (Wash. App. 1974)). In pleading its counterclaim, Crown asserts that "[a]n accounting for the moneys paid under the OHA-Crown Settlement Agreements covers a lengthy time period, a large total amount of money, and many possible expenditures. Such an accounting is so complicated that it cannot be conveniently taken in an action at law." ECF No. 39 at 21.

ORDER GRANTING PLAINTIFF OKANOGAN HIGHLANDS ALLIANCE'S
MOTION TO DISMISS COUNTERCLAIM ~ 9

Given the parties' dispute as to whether Crown must show a breach of contract to obtain the requested relief, Crown's admission that the accounting is not only "complicated" but spans a duration of twelve years, and considering the limited extent to which the operative facts overlap, the Court would decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(1). The Court's exercise of discretion is further guided by principles of judicial economy in efficiently resolving the federal claims raised in this matter. If Crown's counterclaim is as "narrow" as Crown maintains, resolution in state court should not be so unduly burdensome as to prejudice the parties.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff Okanogan Highland Alliance's Motion to Dismiss Defendant Crown Resource Incorporation's Counterclaim, **ECF No. 46**, is **GRANTED**.

2. Defendant Crown Resource Incorporation's Counterclaim is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** February 19, 2021.

>       *s/ Rosanna Malouf Peterson*
> ROSANNA MALOUF PETERSON
> United States District Judge

ORDER GRANTING PLAINTIFF OKANOGAN HIGHLANDS ALLIANCE'S MOTION TO DISMISS COUNTERCLAIM ~ 10