FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 30, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| OKANOGAN HIGHLANDS ALLIANCE, and STATE OF WASHINGTON,<br><br>Plaintiffs,<br><br>v.<br><br>CROWN RESOURCES CORPORATION and KINROSS GOLD, USA, INC.,<br><br>Defendants. | NO: 2:20-CV-147-RMP<br><br>ORDER DENYING DEFENDANTS' MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL |

BEFORE THE COURT, without oral argument, is Defendants' Motion for Certification for Interlocutory Appeal, ECF No. 71. Defendants ask the Court to certify its prior Order Granting Plaintiffs' First Motions for Partial Summary Judgment, ECF No. 70, for interlocutory review. Plaintiffs, Okanogan Highlands Alliance and the State of Washington, oppose the motion. The Court has reviewed the motion, the filings in response to the motion, the record, the relevant case law, and is fully informed.

ORDER DENYING DEFENDANTS' MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL ~ 1

# BACKGROUND[1]

Plaintiffs Okanogan Highlands Alliance ("OHA") and the State of Washington filed this matter pursuant to the citizen suit provision of the federal Clean Water Act, 33 U.S.C. § 1365. *See* ECF Nos. 1, 58. Plaintiffs allege that Defendant Crown Resources Corporation ("Crown") and Defendant, Kinross Gold, U.S.A., Inc. ("Kinross"), violated various terms of the National Pollutant Discharge Elimination System ("NPDES") permit issued by the Washington State Department of Ecology ("Ecology") for the Buckhorn Mountain Mine in Washington State. ECF Nos. 1 at 16–29, 58 at 11–17.

Crown owns the Buckhorn Mountain Mine (the "Mine") in Okanogan County, Washington. ECF No. 1 at 13. Gold production began in 2008 and concluded in 2017 and the Mine is now undergoing reclamation. ECF No. 62 at 3. Industrial stormwater is collected at the Mine and that water is pumped from the Mine's dewatering wells as part of the hydrologic closure of the Mine. *Id.* at 3.

On November 1, 2007, Ecology issued to Crown an initial combined "National Pollutant Discharge Elimination System" ("NPDES") and "State Waste Discharge Permit" ("SWD") under state and federal water quality law. *See Crown*

---

[1] The Court summarized the facts of this case when it resolved the cross motions for partial summary judgment. *See* ECF No. 70. The Court repeats many of those same facts here as they are relevant to the Court's analysis of whether interlocutory appeal is warranted.

ORDER DENYING DEFENDANTS' MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL ~ 2

1  *Res., Corp. v. Dep't of Ecology*, No. 35199-8-III, 2019 WL 4942459, at *2 (Wash.
2  Ct. App. Oct. 8, 2019). "The permit authorized the discharge of treated mine water
3  and stormwater to four outfalls . . . subject to compliance with specified effluent
4  limits." *Id.* Crown submitted a renewal application in October of 2011,
5  representing under the penalty of law, that the Mine discharges to waters of the
6  United States. ECF Nos. 49 at 11–12, 49-1 at 59–60, 62 at 4.

7  On February 27, 2014, Ecology issued Crown a combined NPDES and
8  waste discharge permit (the "Permit") effective March 1, 2014, through February
9  28, 2019, which was modified on April 29, 2014, and April 1, 2015. ECF Nos. 49
10 at 12, 49-1 at 74, 62 at 4. The Permit is issued "in compliance with the provisions
11 of The State of Washington Water Pollution Control Law Chapter 90.48 Revised
12 Code of Washington and The Federal Water Pollution Control Act (The Clean
13 Water Act) Title 33 United States Code, Section 1342 et. seq." ECF No. 49-1 at
14 74.

15 The Permit has been extended administratively, pending issuance of a new
16 NPDES permit in accordance with Ecology's rules. ECF Nos. 49 at 12, 62 at 5.
17 The Permit provides that "[a]ny permit noncompliance constitutes a violation of
18 the Clean Water Act and is grounds for enforcement action . . . ." ECF Nos. 50 at
19 4 (citing ECF No. 49-1 at 132–133), 62 at 11.

20 Crown appealed the Permit to the Washington Pollution Control Hearings
21 Board, the Washington State Superior Court for Ferry County, and the Washington

ORDER DENYING DEFENDANTS' MOTION FOR CERTIFICATION FOR
INTERLOCUTORY APPEAL ~ 3

1  Court of Appeals; the Permit was affirmed at every level.  ECF Nos. 49 at 13, 62 at

2  6; *see also Crown Res. Corp., v. Dep't of Ecology*, PCHB No. 14-018, 2015 WL

3  4719130, at *1 (Wash. Pol. Control Bd. July 30, 2015) *and Crown Res., Corp.*,

4  2019 WL 4942459, at *1.

5       In the present suit, Plaintiffs allege that Crown is in violation of numerous

6  conditions of the Permit, which in turn constitute further violations of an "effluent

7  standard or limitation," as defined by section 505(f) of the Clean Water Act

8  ("CWA"), 33 U.S.C. § 1365, subject to enforcement under the CWA's citizen suit

9  provisions.  ECF Nos. 1 at 28, 58 at 18.

10      In answering Plaintiffs' Complaints, Crown asserted the following

11 defenses:

12      3.  [Plaintiffs'] claims are barred because there has been
       no discharge of a pollutant from a point source to navigable
13     waters as required to establish jurisdiction under the Clean Water
       Act.
14

15      4.  [Plaintiffs'] claims are barred because there has been
       no addition of a pollutant as required to establish jurisdiction
       under the Clean Water Act.
16

17 ECF Nos. 39 at 17, 59 at 16 (hereinafter referred to as "defenses 3 and 4").  As

18 summarized by OHA, "[d]efenses 3 and 4 allege that jurisdiction is lacking

19 because Crown has not discharged a pollutant from a point source to navigable

20 waters and because there has not been an addition of a pollutant." ECF No. 49 at

21 17.

ORDER DENYING DEFENDANTS' MOTION FOR CERTIFICATION FOR
INTERLOCUTORY APPEAL ~ 4

1  Defendants assert that the defenses "are aimed only at alleged violations of
2  the [State Waste Discharge] portion of the 2014 Permit, in other words, provisions
3  of the 2014 Permit that were not issued under the federal CWA." ECF No. 61 at 3.
4  The 2014 Permit is "not neatly divided into NPDES provisions and SWD
5  provisions." *Id.*

6  OHA and the State moved for partial summary judgment on defenses 3 and
7  4 asserted by Defendants. *See* ECF Nos. 49, 50. In addition to finding defenses 3
8  and 4 not viable in response to Plaintiffs' claims, OHA requested that the Court
9  rule as a matter of law that Plaintiffs may enforce all permit conditions at issue in
10 this case. ECF No. 64 at 3.

11 The Court granted Plaintiffs' first motions for partial summary judgment,
12 dismissing with prejudice defenses 3 and 4. ECF No. 70 at 16. In doing so, the
13 Court rejected "Defendants' assertion that jurisdiction under the Clean Water Act
14 is dependent upon a showing of a discharge of a pollutant from a point source to
15 navigable waters or addition of a pollutant." *Id.* at 8 (citing *Gill v. LDI*, 19 F.
16 Supp. 2d 1188, 1195 (W.D. Wash. 1998)). The Court found that citizen groups
17 may bring CWA citizen suits to "'enforce even valid permit conditions that
18 regulate discharges outside the scope of the Clean Water Act.'" *Id.* at 9 (quoting
19 *Northwest Env't Advocs. v. City of Portland* (*NWEA*), 56 F.3d 979, 988–89 (9th
20 Cir. 1995)).

21

ORDER DENYING DEFENDANTS' MOTION FOR CERTIFICATION FOR
INTERLOCUTORY APPEAL ~ 5

Defendants now move for certification for interlocutory appeal of the Court's prior order dismissing Defendants' jurisdiction-based defenses. ECF No. 71.

## LEGAL STANDARD

A district court may certify an order for interlocutory appeal where the order (1) "involves a controlling question of law"; (2) "as to which there is substantial ground for difference of opinion"; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also In re Cement Antitrust Litig.*, 673 F.2d 1020, 1025–26 (9th Cir. 1983). All three requirements must be satisfied to certify an order for interlocutory appeal and the party seeking "the interlocutory appeal bears the burden of so demonstrating." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). The legislative history of Section 1292(b) suggests that certification should be granted "only in exceptional situations in which an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust Litig.*, 673 F.2d at 1026 (citing *United States Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966) (per curiam)).

## DISCUSSION

**I.    Controlling Question of Law**

Defendants first argue that the Court's Order decided the following controlling question of law: whether "Plaintiffs may enforce state-law permit conditions outside of the scope of the CWA" in a federal CWA citizen suit. ECF

No. 71 at 5.  To satisfy the first requirement under Section 1292(b), "all that must be shown . . . for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of the litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d at 1026.  Defendants assert that resolution of defenses 3 and 4 "will materially impact the scope of issues at trial and the outcome of this case" by potentially leading to the dismissal of those claims by Plaintiffs that lack subject matter jurisdiction under the CWA.  ECF No. 71 at 6.

In response, the State of Washington argues that "even if successful on appeal, Defendants' argument does not categorically exclude any of the violations alleged by Plaintiffs."  ECF No. 75 at 10.  OHA reiterates this point, contending that Defendants assume without showing that "some permit conditions at issue regulate discharges outside the scope of the CWA."  ECF No. 76 at 9.

The Court agrees that if the Ninth Circuit reverses the Court's Order, Plaintiffs may need to establish the factual predicates for federal court jurisdiction under the CWA.  *See, e.g.*, *United States v. Adam Bros. Farming, Inc.*, 369 F. Supp. 2d 1180, 1182 (C.D. Cal. 2004) (concluding prior order decided a "controlling question of law" by analyzing whether the United States Army Corps of Engineers "can exercise regulatory jurisdiction" over a particulate landsite pursuant to the CWA).  Resolution of the reach of subject matter jurisdiction under the CWA could materially affect the outcome of this case.  *In re Cement Antitrust Litig.*, 673 F.2d at 1026.  However, this factor, by itself, is insufficient to warrant certification for

1 interlocutory appeal, because requiring factual predicates to establish federal
2 jurisdiction does not equate to a controlling question of law. It is a factual issue.
3 Moreover, Defendants still must demonstrate that the other two factors regarding
4 certification for interlocutory appeal are met.

**II.    Substantial Grounds for Differences of Opinion**

Defendants next argue that the Court's Order "involves a novel and difficult issue" and that "cases in the Ninth Circuit demonstrate that there is a substantial ground for differences of opinion" regarding federal subject matter jurisdiction over permit violations imposed under a state-law program regulating activities outside the scope of the CWA. ECF No. 71 at 7. A substantial ground for difference of opinion often emerges where "the controlling law is unclear." *Couch*, 611 F.3d at 633. Even if no case directly conflicts with the district court's application of relevant law, an interlocutory appeal may be warranted to resolve "'an issue over which reasonable judges might differ' and such 'uncertainty provides a credible basis for difference of opinion' on the issue." *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) (quoting *In re Cement Antitrust Litig.*, 673 F.2d at 1028).

This Court expressly found that there is "no support for Defendants' assertion that jurisdiction under the Clean Water Act is dependent upon a showing of a discharge of a pollutant from a point source to navigable waters or addition of a pollutant." ECF No. 70 at 8 (citing *Gill*, 19 F. Supp. 2d at 1195). Accordingly, the

1   Court determined that "Plaintiffs do not need to demonstrate that there has been a
2   discharge or addition of pollutants from a point source to navigable waters to
3   establish this Court's jurisdiction." *Id.*

4   Defendants now argue that the Court's Order improperly relied upon
5   distinguishable Ninth Circuit cases, which do not address "whether state permit
6   requirements regulating activities outside the scope of the CWA . . . can be enforced
7   in a federal CWA citizen suit." ECF No. 71 at 8 (citing *NWEA*, 56 F.3d at 985). In
8   *NWEA*, the court examined whether jurisdiction exists for CWA citizen enforcement
9   of an NPDES permit provision requiring that discharges from sewer outfalls to rivers
10  meet state water quality standards. 56 F.3d at 985–86. For further support,
11  Defendants rely on the dissenting opinion in *NWEA*, which notes that "state water
12  quality standards are 'not among those authorized by the [CWA] for purposes of
13  citizen suit enforcement.'" *Id.* at 9 (citing *NWEA*, 56 F.3d at 991–92 (Kleinfeld, J.,
14  dissenting)).

15  The dissent takes issue with the majority's departure from prior caselaw
16  recognizing that "only permit limitations derived from water quality standards, not
17  water quality standards themselves, are enforceable by citizens' suits." 56 F.3d at
18  991 (Kleinfeld, J., dissenting). In other words, the dissent notes that the relevant
19  water quality standards in the case were "not translated by the permit into effluent
20  limitations." *Id.* at 993. However, the Court finds that the *NWEA* dissent is
21  insufficient to demonstrate a substantial ground for difference of opinion. *See Adam*

ORDER DENYING DEFENDANTS' MOTION FOR CERTIFICATION FOR
INTERLOCUTORY APPEAL ~ 9

*Bros. Farming*, 369 F. Supp. 2d at 1184 (concluding a prior dissenting opinion that did not squarely address the issue in the instant case "cannot give rise to substantial grounds for differences of opinion").

Defendants also argue that the relevant permit provisions here differ from cases involving "state-established standards in an NPDES permit regulating discharges from a point source to a navigable surface water," an activity "that is expressly subject to regulation under the CWA's NPDES provisions. *Id.* at 9 (citing *Community Ass'n for Restoration of the Env't v. Henry Bosma Dairy*, 305 F.3d 943, 946–47 (9th Cir. 2002)). In response, the State of Washington argues that Defendants' characterization of *Henry Bosma Dairy* is incorrect because that case "involved manure application on fields that eventually drained to an irrigation ditch," not "a direct discharge to surface water." ECF No. 75 at 6 (citing *Henry Bosma Dairy*, 305 F.3d at 951, 954, 956). The Court agrees with the State of Washington.

At least one district court in the Ninth Circuit determined that "[v]iolation of any condition in an NPDES permit is considered a violation of the CWA." *Gill*, 19 F. Supp. 2d at 1195. The case law that the Court already examined in its prior Order remains clear: citizens have standing to enforce a combined state and federal permit issued under the CWA. *Henry Bosma Dairy*, 305 F.3d at 956.

Defendants fail to satisfy the second factor for granting interlocutory appeal. However, the Court briefly addresses the third and final certification requirement.

ORDER DENYING DEFENDANTS' MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL ~ 10

**III.    Material Advancement of the Termination of Litigation**

A district court may certify a non-final order for interlocutory appeal where "an immediate appeal may materially advance the ultimate termination of the litigation." *In re Cement Anitrust Litig.*, 673 F.2d at 1026.  This third requirement is closely linked to the issue of whether an issue of law is controlling because both require that the district court examine how reversal would impact the case.  *Villareal v. Caremark LLC*, 85 F. Supp. 3d 1063, 1071 (D. Ariz. 2015).

Defendants contend that reversal on appeal could mean "the scope of alleged violations at issue will be substantially narrowed, which would significantly streamline the case."  ECF No. 71 at 11.  Plaintiffs persuasively point out that the record does not demonstrate whether Defendants' discharges do or do not reach surface waters, meaning "the parties will have the exact same universe of alleged violations at trial as they have now."  ECF No. 75 at 9, *see also* ECF No. 76 at 11 ("[W]hether reversal would narrow the scope of violations at issue is completely unknown because the CWA regulates some discharges to groundwater.").  Again, the Court agrees with the Plaintiffs.

In sum, Defendants fail to meet the second and third requirements for certification for interlocutory appeal.  Moreover, Defendants fail to demonstrate that this issue qualifies as one of the "rare circumstances" warranting certification for interlocutory appeal.  *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002).  The parties' dispute as to the reach of CWA citizen suit jurisdiction may

ORDER DENYING DEFENDANTS' MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL ~ 11

be appealed to the Ninth Circuit at some later date after the record has been fully developed.

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion to Certify for Interlocutory Appeal, **ECF No. 71**, is **DENIED**.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** November 30, 2021.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Senior United States District Judge
