FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 04, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| OKANOGAN HIGHLANDS ALLIANCE and STATE OF WASHINGTON, | No. 2:20-CV-00147-MKD |
| Plaintiffs, | PROTECTIVE ORDER |
| v. | ECF No. 93 |
| CROWN RESOURCES CORPORATION and KINROSS GOLD U.S.A., INC., | |
| Defendants. | |

Before the Court is the parties' Joint Motion for Entry of Protective Order, ECF No. 93.  The parties jointly seek a protective order to preserve the confidential nature of the documents and information that may be disclosed in this case. Pursuant to Fed. R. Civ. P. 26(c), the Court finds the entry of a protective order is appropriate in this matter.

PROTECTIVE ORDER - 1

Accordingly, **IT IS ORDERED:**

1.    The parties' Joint Motion for Entry of Protective Order, **ECF No. 93**, is **GRANTED**.  The Court hereby enters the following Protective Order, the terms of which the parties mutually propose and by which the parties mutually agree to be bound.

## PROTECTIVE ORDER

### 1.    Documents and Information Covered by this Order

(a)  This Order shall govern the use and disclosure of Covered Information. A person producing or furnishing Covered Information is hereinafter referred to as a "Producing Person."  Any Party receiving Covered Information, regardless of whether a Party initiated a request for the Covered Information, is hereinafter referred to as a "Receiving Party."

(b)  A Producing Person may designate as "Confidential Information" any Covered Information that consists of:

        (i)  financial information not previously disclosed to the public;

        (ii)  material not previously disclosed to the public relating to ownership or control of any non-public company;

        (iii)  business plans, product development information, or marketing plans not previously disclosed to the public;

(iv)  proprietary business information, or other confidential research, development, or commercial information not previously disclosed to the public and communications containing such information not previously disclosed to the public;

(v)  any information of a personal or intimate nature regarding any individual, including but not limited to information or data defined as "personal data" as that term is defined in applicable data privacy laws or regulations;

(vi)  information for which applicable law requires confidential treatment; or

(vii) any other category of information herein given confidential status by the Court.

(c)  With respect to Covered Information other than deposition transcripts and exhibits, a Producing Person may designate the Covered Information as "Confidential Information" with the marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," or with a similar marking in a way that brings its attention to a reasonable examiner.  For any Covered Information, such as computer data, whose medium makes such a marking impractical, the compact disc ("CD") or digital versatile disc ("DVD"), CD or DVD case, and any accompanying paper or e-mail cover letter shall be marked with a similar marking in a way that brings its attention to a reasonable examiner.  For each document marked in the

manner described in this paragraph, the Producing Person shall designate the

page(s) of each document that contains Confidential Information.  Deposition

testimony and exhibits may be preliminarily designated as "Confidential

Information" on the record during the deposition.  Upon such preliminary

designation, the Producing Person shall have twenty-one (21) days from the receipt

of the final deposition transcript to identify portions of the deposition transcript, or

exhibits to the deposition, to be treated as "Confidential Information."  Until such

time period expires without designation having been made, the entire deposition

transcript and exhibits shall be treated as "Confidential Information" as designated

on the record, unless otherwise specified in writing by the Producing Person.  If the

Producing Person designates the entire deposition transcript and/or exhibits, or any

portion thereof, as "Confidential Information," the designated portions of the

transcript and/or exhibits shall be bound in a separate volume and marked

"Confidential Information Governed by Protective Order" by the reporter.

(d)  Because they will bear the mark "CONFIDENTIAL," such Covered

Information shall not be disclosed to anyone except pursuant to paragraph 2 of this

Order.  Because they additionally display the phrase "SUBJECT TO

PROTECTIVE ORDER," such Confidential Information will be further protected

according to the terms of this Protective Order.

(e)  Information derived from Confidential Information, even if incorporated in another document or compilation or referred to in testimony, shall be treated as Confidential and marked accordingly to the extent the information derived from Confidential Information would reveal the Confidential Information.

(f)  Designation and marking of Confidential Information in accordance with this paragraph shall be deemed effective to bring such information or documents under the protection of this Order.  Notwithstanding the foregoing, a Party may object to the designation.  Such objection must be in writing and specify the designated material to which the objection is made.  Such a challenge may be made at any stage in these District Court proceedings and failure to challenge a designation at the time made shall not preclude a subsequent challenge.  The Parties and the Producing Person shall, within fifteen (15) days of service of the written objection, confer concerning the objection.  If the objection is not resolved, the Producing Person must file a motion for a protective order within fifteen (15) days after the end of the conferral period to preserve its designation.  The information that is the subject of the motion will be treated as Confidential Information while the motion is pending.  If no motion is filed within the allowed time period, any claim that the information is designated Confidential Information shall be deemed waived.

### 2.     Use and Disclosure of Covered Information

(a)  Unless otherwise ordered by a court, administrative agency, or other governmental or regulatory body of competent jurisdiction, or otherwise provided in this Order, Confidential Information received by a Party during the course of this Litigation (including both the case filed by the State of Washington (No. 2:20-CV-170-RMP) and the case filed by the Okanogan Highlands Alliance (No. 2:20-CV-147-RMP) which have been consolidated into the current action (No. 2:20-CV-147-MKD)) may be used only in connection with the prosecution or defense of this Litigation.

(b)  Except upon the prior written consent of the Producing Person originally designating Covered Information as Confidential Information, upon a stipulation agreed to by all Parties and the Producing Person (if not a Party), or as otherwise expressly provided in this Order, no person other than the Producing Person shall disclose any of the Confidential Information to any other person except to individuals described in the below subparagraphs.

(i)  the Parties to this action;

(ii)  counsel who are engaged in the conduct of this Litigation on behalf of the Parties ("Counsel") and, to the extent necessary to render professional services in connection with this Litigation, Counsel's employees, including but not limited to legal assistants, paralegals, secretaries, and clerical staff;

(iii)  the Court, its staff, and court officials involved in this Litigation (including court reporters or persons operating video equipment at depositions), and any mediators and their staff appointed by the Court or agreed to in writing by the Parties in the Litigation;

(iv)  witnesses at deposition or trial to the extent necessary for that purpose;

(v)  witnesses in preparation for deposition or trial to the extent necessary for that purpose;

(vi)  outside consultants, experts, or persons contracted to serve as consultants or experts in this case, including other professional and clerical staff at the outside expert's or outside consultant's firm, consulting group, or company, retained for the purpose of assisting Counsel in this Litigation to the extent necessary for that purpose;

(vii)  third-party contractors engaged in one or more aspects of copying, organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with this Litigation, including the performance of such duties in relation to a computerized Litigation support system, but only to the extent necessary to render such services; and

(viii) as to any document, its author, addressee, or any other person indicated on the face of the document as having received a copy of such document.

(c)  Before disclosure of any Confidential Information is made to any person described in subsections 2(b)(iv)-(vii), such person shall sign the Confidentiality Affidavit attached hereto as Exhibit A.  Unless otherwise ordered by the Court, in the event that any such person described in subsections 2(b)(iv)-(vii) refuses to sign the Confidentiality Affidavit with respect to discovery material designated Confidential, no Confidential Information may be disclosed to such person except with the prior written consent of the Producing Person that originally designated such Covered Information and subject to any procedures that the Producing Person may require to maintain the confidentiality of such Covered Information.

(d)  Counsel for each Party shall retain their respective Confidentiality Affidavit forms until such time as this Litigation, including all appeals, is concluded.

**3.    Inadvertent Failure to Designate and Inadvertent Disclosure**

(a)  Inadvertent Failure to Designate.  A Producing Person may notify the Receiving Party(ies) that a document or information produced in discovery that should have been designated as Confidential under the terms of this Order was inadvertently produced without being designated as such.  Upon receiving such notice from the Producing Person, the Receiving Party(ies) shall immediately treat the documents and information as if it had been so designated.  Upon giving such notice, the Producing Person shall promptly provide to the Receiving Party(ies) an

identical replacement copy with the appropriate designation on the document.

Upon receiving such an identical replacement copy, the Receiving Party(ies) shall

promptly delete and/or destroy all copies of the document without the appropriate

designation.  No Party shall be deemed to have violated this Order if, prior to

notification of any later designation, such documents or information have been

disclosed or used in a manner inconsistent with the later designation.  Once such a

designation has been made, however, the relevant documents and information shall

be treated as Confidential Information in accordance with this Order.

(b)  Inadvertent Disclosure.  If a Receiving Party discloses Confidential

Information to any person not authorized to receive such disclosure, the Receiving

Party must, upon learning that such disclosure has been made: (1) inform the

Producing Person that originally designated the information as Confidential of the

disclosure, including the facts and circumstances of such disclosure; and, (2)

request the return of the Confidential Information and seek to minimize any further

unauthorized disclosure.  No person shall be deemed to have violated this Order if

the disclosure of Confidential Information was inadvertent and cured as provided

for in this section.

## 4.    Filing of Confidential Information

Before filing Confidential Information or discussing or referencing

Confidential Information in court filings, the Receiving Party shall confer with the

Producing Person to determine whether the Producing Person will remove the "Confidential" designation, whether the document can be redacted to remove Confidential Information, or whether a motion or stipulation to seal is warranted. If a motion to seal is warranted, the Receiving Party shall file a motion seeking leave to file the Confidential Information under seal consistent with the Amended Scheduling Order entered by the Court on February 2, 2022, ECF No. 89.    Upon the granting of such motion, the Confidential Information shall be kept under seal until further order of the Court.  The Parties will use their reasonable best efforts to minimize such sealing.

## 5.    Use of Confidential Information at Trial

Nothing in this Order shall be construed as limiting the right of either Party to introduce Confidential Information into evidence in this case or at trial, subject to the Federal Rules of Evidence and such privacy protections as the presiding Judge may deem appropriate.  Either Party may approach the Court before trial to propose a plan for the use of Confidential Information at trial.  Nothing herein, however, shall prevent a Party from opposing any such plan.

## 6.    Further Requests for Production

If a Receiving Party receives a request or subpoena in another litigation or other matter for production or disclosure of Covered Information, they shall promptly give notice by email to the Producing Person identifying the information

sought and enclosing a copy of the subpoena or request.  Provided that the

Producing Person makes a timely motion or other application for relief from the

subpoena or other request in the appropriate forum, the Party subject to the

subpoena or other request shall not produce or disclose the requested information

without consent of the Producing Person or until ordered by a court of competent

jurisdiction.

Nothing in this Order shall be construed to require the State to violate the

Washington Public Records Act, RCW 42.56 ("PRA"), RCW 40.14, which

governs preservation and destruction of government records, or any other statute,

administrative rule, or court rule. Covered Information designated as Confidential

shall not be deemed public records unless they are also "writing[s] containing

information relating to the conduct of government or the performance of any

governmental or proprietary function prepared, owned, used, or retained by any

state or local agency." RCW 42.56.010. However, if at any time the State receives

a request pursuant to the PRA that would compel disclosure of any Confidential

Information produced in this action, the State shall give written notice and a copy

of the request to the Producing Person. The Producing Person shall have fourteen

days from notification to seek protection from the Court for those responsive

Confidential Information, during which period the State shall not release or

disclose any Confidential Information.

### 7.   Order Not To Be Construed As a Waiver

In addition, each Party reserves the right to move to modify the terms of this Order at any time.  By consenting to this Order, no Party hereto shall be deemed to have waived its right to seek a protective order with respect to any documents or information, regardless of whether such documents or information fall within the scope of this Order, and each Party reserves the right to oppose any motion to modify the terms of the Order.  Nothing in this Order shall be construed as a waiver of a Party's right to challenge by motion at any time whether a Producing Person's designation of materials as "Confidential Information" subject to this Order is appropriate and confidential treatment is warranted or whether any material so designated should be filed under seal or, if so filed, should be unsealed. Nothing in this Order is intended to constitute an agreement regarding the scope of discovery.  This Order does not constitute a ruling on the question of whether any particular document or category of information is properly discoverable and does not constitute a ruling on any potential objection to the discoverability, relevance, or admissibility of any documents or other material sought in discovery, and the Parties reserve their right to object to discovery on any appropriate ground.

### 8.   Miscellaneous Provisions

The Parties intend that this Order shall be consistent with the local rules of this Court and with the Court's Scheduling Order.  Nothing in this Order shall

prevent disclosure as required by law or compelled by order of any court.  Nothing

in this Order shall be construed to permit the disclosure of classified information or

information the disclosure of which is prohibited by statute.

**9.    Termination of Litigation**

The provisions of this Order shall continue to be binding after final

termination of this Litigation.  Within forty-five (45) days after final conclusion of

all aspects of this Litigation, including any appeals, any Party or person who

received Confidential Information must destroy those documents and materials and

the portions of all other material containing Confidential Information prepared in

connection with this Litigation (other than Counsel's copies of exhibits filed under

seal with the Court; Counsel's file copies of papers prepared in connection with

this action, *e.g.*, pleadings, court papers and other papers served in this Litigation;

and Counsel's file copies of expert reports, depositions and trial transcripts, and

any other documents and records that are required to be retained by a Party under

applicable law) and provide written notice to the Producing Person.

**10.    Producing Persons' Reliance on Order**

Production of Covered Information will be made in express reliance upon

the terms of this Order.

PROTECTIVE ORDER - 13

## 11.    Consent to Jurisdiction

Receiving Parties hereby agree to subject themselves to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of, this Order.

## 12.    Additional Parties

The terms of this Order shall be binding upon all current and future parties to the Litigation and their counsel, all persons identified in section 2(b) above, and all Producing Persons.

## 13.    Use of Own Information

Nothing in this Order shall impose any restriction on the use of or disclosure by a Party of its own information.  Nor shall this Order be construed to prevent a Party from disclosing Covered Information to any person whom the document clearly identifies as an author, addressee, or carbon copy recipient of such document.

## 14.    Binding on Parties

Execution of this Protective Order by Counsel shall constitute a representation by Counsel that they, all persons employed by their firm who have access to Covered Information, and the Party or Parties they represent, will abide by the terms of this Protective Order and will subject themselves to the jurisdiction of this Court for purposes of enforcement and disciplinary action.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and provide copies to the parties.

DATED March 4, 2022.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

PROTECTIVE ORDER - 15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

## EXHIBIT A
## Endorsement of Protective Order

I, _____, have read the Protective Order ("Order") filed in the case entitled Okanogan Highlands Alliance and State of Washington v. Crown Resources Corporation and Kinross Gold U.S.A., Inc., Case No. 2:20-CV-00147-MKD ("Action"), and agree to be bound by its terms and consent to the continuing jurisdiction of the District Court for the Eastern District of Washington for the resolution of any disputes arising under and/or concerning the subject matter of the Order.

I understand that all Confidential Information I may be shown or receive are subject to the Order. Upon request, I will provide all interested parties with an executed copy of this Exhibit A and with a list of all materials covered by the Order that have been received by me.

I further agree that upon final disposition of the Action, in which I am a participant or have otherwise been retained, I will return the Confidential Information to the Producing Person or, in the alternative, destroy the Confidential Information and provide the Producing Person with a certification of that destruction.

Dated:

_____
Signature
_____
Print Name
_____
Firm/Company Name
_____
Address
_____
Telephone

PROTECTIVE ORDER - 16