1

2

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 04, 2025

3

SEAN F. McAVOY, CLERK

4             UNITED STATES DISTRICT COURT

5             EASTERN DISTRICT OF WASHINGTON

6  | OKANOGAN HIGHLANDS          | No. 2:20-CV-00147-MKD
   | ALLIANCE AND STATE OF       |
7  | WASHINGTON,                 |
   |              Plaintiffs,    | ORDER GRANTING
8  |                             | DEFENDANTS' MOTION FOR
   |     v.                      | JUDGMENT ON THE PLEADINGS
9  | CROWN RESOURCES             |
   | CORPORATION AND KINROSS     | **ECF No. 202**
10 | GOLD U.S.A., INC.,          |
   |                             |
11 |              Defendants.    |

12        Before the Court is Defendants' Motion for Judgment on the Pleadings.

13   ECF No. 202.  The Court held a hearing on January 9, 2025.  ECF Nos. 209, 211.

14   Paul Kampmeirer appeared on behalf of Plaintiff Okanogan Highlands Alliance

15   (OHA).  Timothy Allen, Elizabeth Harris, and Daniel Von Seggern appeared on

16   behalf of Plaintiff State of Washington (Washington).  Jonathan Rauchway, Gail

17   Wurtzler, James Henderson, and William Symmes appeared on behalf of

18   Defendants.  The Court has reviewed the motion and record, heard from counsel,

19   and is fully informed.  For the reasons explained below, the Court grants the

20   motion.

ORDER - 1

# BACKGROUND

OHA filed suit under Section 505 of the Clean Water Act (CWA), 33 U.S.C. § 1365, on April 10, 2020, principally alleging Defendants have been in violation of a National Pollutant Discharge Elimination System permit at the Buckhorn Mountain Mine in north-central Washington State.  ECF No. 1.  Prior to filing suit, and as required by the CWA, OHA notified the Director of the Washington State Department of Ecology.  *Id.* at 3 ¶ 4.  Washington did not commence action within sixty days of receiving notice of OHA's intent to file suit.  *Id.* at 4 ¶ 5.  Rather, Washington filed its own citizens suit action under the CWA against Defendants on May 7, 2020, and later filed an amended—and the operative—complaint on March 4, 2021.  ECF No. 58.  Finding both suits "present common issues of law and fact," the Court consolidated the two matters on June 25, 2020.  ECF No. 11 at 2.

After years of litigation and mediation efforts, OHA and Defendants settled and moved for entry of a Proposed Consent Decree on September 19, 2024.  ECF No. 191.  Following the expiration of the statutorily required 45-day waiting period, during which the United States reviewed and did not object to the Proposed Consent Decree, *see* ECF No. 197, and an independent review of the Proposed Consent Decree, the Court approved and entered the Consent Decree on October 31, 2024.  ECF No. 198.  During the waiting period, the State of Washington did

ORDER - 2

1  not object to the Consent Decree.  The Consent Decree calls for, among other

2  things, the development of a Site Improvement Plan and Corrective Action Plan, to

3  ensure compliance with the CWA, and civil penalties.  *Id.* at 11-18.  Defendants

4  then filed the instant motion on November 22, 2024, contending Washington's suit

5  is now barred by claim preclusion.  ECF No. 202.

## LEGAL STANDARD

7  "After the pleadings are closed—but early enough not to delay trial—a party

8  may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  The standard

9  governing a Rule 12(c) motion for judgment on the pleadings is "functionally

10 identical" to that governing a Rule 12(b)(6) motion to dismiss.  *Cafasso v. Gen.*

11 *Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011).  "A judgment on

12 the pleadings is properly granted when, taking all the allegations in the non-

13 moving party's pleadings as true, the moving party is entitled to judgment as a

14 matter of law."  *United States v. Teng Jiao Zhou*, 815 F.3d 639, 642 (9th Cir. 2016)

15 (quoting *Fajardo v. Cnty. of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999)).

## DISCUSSION

### A. Claim Preclusion

18 Defendants move for judgment on the pleadings as to Washington's First

19 Amended Complaint, contending that after the entry of the Consent Decree,

20 Washington's action is now barred by claim preclusion.  ECF No. 202 at 2-3.

ORDER - 3

1    "Claim preclusion 'applies when there is (1) an identity of claims; (2) a final

2    judgment on the merits; and (3) identity or privity between the parties.'" *Cell*

3    *Therapeutics, Inc. v. Lash Grp., Inc.*, 586 F.3d 1204, 1212 (9th Cir. 2009), *as*

4    *amended on denial of reh'g and reh'g en banc* (Jan. 6, 2010) (quoting *Stewart v.*

5    *U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002)).  Under the doctrine of claim

6    preclusion, "[a] final judgment on the merits of an action precludes the parties or

7    their privies from relitigating issues that were or could have been raised in that

8    action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981).  As

9    discussed below, the Court finds each element of claim preclusion is satisfied.

10        *1. Identity of Claims*

11        "A court is to apply four criteria to decide whether there is an identity of

12    claims: '(1) whether rights or interests established in the prior judgment would be

13    destroyed or impaired by prosecution of the second action; (2) whether

14    substantially the same evidence is presented in the two actions; (3) whether the two

15    suits involve infringement of the same right; and (4) whether the two suits arise out

16    of the same transactional nucleus of facts.'" *Harris v. Cnty. of Orange*, 682 F.3d

17    1126, 1132 (9th Cir. 2012) (quoting *United States v. Liquidators of European Fed.*

18    *Credit Bank*, 630 F.3d 1139, 1150 (9th Cir. 2011).  "The fourth criterion is the

19    most important." *Id*. (citing *Liquidators of European Fed. Credit Bank*, 630 F.3d

20    at 1151).  "Whether two suits arise out of the same transactional nucleus depends

ORDER - 4

1    upon whether they are related to the same set of facts and whether they could

2    conveniently be tried together." *Turtle Island Restoration Network v. U.S. Dep't of*

3    *State*, 673 F.3d 914, 918 (9th Cir. 2012) (quoting *ProShipLine Inc. v. Aspen*

4    *Infrastructures Ltd.*, 609 F.3d 960, 968 (9th Cir. 2010)).

5         This factor weighs in Defendants' favor. OHA and Washington's operative

6    complaints makes clear that both "are related to the same set of facts" and, prior to

7    OHA's settlement with Defendants, both cases had been litigated together.

8    Further, Washington concedes "both OHA and the State have asserted similar

9    claims based on permit violations by the same Defendants," but contends "the two

10   parties represent different interests." ECF No. 206 at 15. Washington describes

11   OHA as "represent[ing] the relatively narrow interests of the neighbors of the

12   Mine," and describes itself as "represent[ing] the interests of all State citizens and

13   the natural resource interests of the entire state." *Id*. (citation omitted). This

14   argument overlooks the statutory purpose behind citizen suits under the CWA:

15   "Although citizen plaintiffs may seek civil penalties only in the context of suits

16   brought to enjoin or otherwise abate ongoing violations, in those suits citizen

17   plaintiffs effectively stand in the shoes of the EPA. The citizen plaintiff's role is to

18   assert permit violations and to request that a fine be imposed; the citizen plaintiff

19   does not personally benefit from bringing the action." *Sierra Club v. Chevron*

20   *U.S.A., Inc.*, 834 F.2d 1517, 1522 (9th Cir. 1987) (cleaned up). Defendants

1  correctly observe that "there is only one claim—the public's claim[.]" ECF No.

2  202 at 13.  Notably, at the hearing on the instant motion, Washington agreed with

3  the Court's assessment that "this is being resolved in the best interests of the

4  public, of the citizens of the state." ECF No. 211 at 21.

5      For these reasons, the Court finds there is an identity of claims between both

6  suits.

7      *2. Final Judgment on the Merits*

8      "A consent decree approved by a court is an enforceable, final judgment

9  with the force of res judicata." *Mi Familia Vota v. Fontes*, 111 F.4th 976, 982 (9th

10  Cir. 2024) (citing *S.E.C. v. Randolph*, 736 F.2d 525, 528 (9th Cir. 1984)).  This

11  factor is readily met here.  *See* ECF No. 198.

12      *3. Privity Between the Parties (Nonparty Preclusion)*

13      "[P]rivity may exist if 'there is 'substantial identity' between parties, that is,

14  when there is sufficient commonality of interest.'" *Tahoe-Sierra Pres. Council,*

15  *Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1081 (9th Cir. 2003) (quoting

16  *In re Gottheiner*, 703 F.2d 1136, 1140 (9th Cir. 1983) (citation omitted)).

17  "[P]rivity is a flexible concept dependent on the particular relationship between the

18  parties in each individual set of cases." *Id*. at 1081-82.  "[T]he term "privity" is

19  now used to describe various relationships between litigants that would not have

20  come within the traditional definition of that term." *Richards v. Jefferson Cnty.,*

*Ala.*, 517 U.S. 793, 798 (1996).  "In some contexts, the relationship between governmental authorities as public enforcers of ordinances and private parties suing for enforcement as private attorneys general is close enough to preclude relitigation."  *United States v. ITT Rayonier, Inc.*, 627 F.2d 996, 1003 (9th Cir. 1980) (citation omitted).

Relying on *Taylor v. Sturgell*, 553 U.S. 880 (2008), which recognized six exceptions to the rule against nonparty preclusion, Defendants contend two are applicable: the sixth exception, which provides that "a special statutory scheme may expressly foreclose successive litigation by nonlitigants … if the scheme is otherwise consistent with due process," *id.* at 895 (cleaned up); and the third exception, which provides that "a nonparty may be bound by a judgment because she was adequately represented by someone with the same interests who was a party to the suit," *id*. at 894 (cleaned up).  Both exceptions apply here.

First, the sixth exception includes "suits that, under the governing law, may be brought only on behalf of the public at large."  *Id*. at 895 (cleaned up).  As detailed above, the CWA is such a law.  Further, state enforcement actions under the CWA preclude later-filed citizen suits.  *See* 33 U.S.C. § 1365(b)(1)(B). Finally, as Defendants detail, *see* ECF No. 202 at 14-15, the identity of a CWA plaintiff has no bearing on the penalties imposed on those in violation of the statute.  Taking these facts together, the Court finds the CWA's statutory scheme

ORDER - 7

forecloses successive and duplicative litigation.

Second, as to the third exception, "[a] party's representation of a nonparty is 'adequate' for preclusion purposes only if, at a minimum: (1) The interests of the nonparty and her representative are aligned; and (2) either the party understood herself to be acting in a representative capacity or the original court took care to protect the interests of the nonparty. In addition, adequate representation sometimes requires (3) notice of the original suit to the persons alleged to have been represented." *Taylor*, 553 U.S. at 900 (cleaned up). The Ninth Circuit further instructs an alignment of interests exists where one party's claims "necessarily rise and fall" with another's. *Mendoza v. Amalgamated Transit Union Int'l*, 30 F.4th 879, 888 (9th Cir.), *cert. denied,* 143 S. Ct. 425 (2022). Here, OHA and Washington's interests were aligned: as detailed above, OHA filed suit on behalf of the public interest. The Court protected Washington's interests by evaluating whether the Consent Decree was "fair, reasonable, and equitable" and furthers the objectives of the CWA. ECF No. 198 at 3. And finally, Washington received notice of OHA's suit and declined to commence an enforcement action at that time. ECF No. 1 at 3-4 ¶¶ 4-5. Washington also received notice of the Proposed Consent Decree and had the opportunity to—but did not—object to the Department of Justice during the 45-day waiting period. *See* ECF No. 211 at 20. The Court accordingly finds the "adequate representation" exception applies.

ORDER - 8

Because both suits share an identity of claims, there has been a final judgment on the merits, and there is privity between the parties, the Court concludes Washington's suit is barred by claim preclusion.[1]

## CONCLUSION

For the reasons stated above, the Court grants Defendants' motion for judgment on the pleadings.

Accordingly, **IT IS HEREBY ORDERED:**

1.    Defendants' Motion for Judgment on the Pleadings, **ECF No. 202**, is **GRANTED**.

2.    Washington's First Amended Complaint, **ECF No. 58**, is **DISMISSED with prejudice**.

**IT IS SO ORDERED.**  The District Court Executive is directed to file this Order, **enter judgment**, provide copies to the parties, **CLOSE THE FILE**.

DATED February 4, 2025.

_s/Mary K. Dimke_
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

---

[1] At the hearing, Washington argued Defendants "are now attempting to dodge full responsibility for these violations by, frankly, legal trickery."  ECF No. 211 at 16. Having reviewed the entirety of the record, the Court concludes this assertion lacks a factual basis.

ORDER - 9